**NICHOLAS & TOMASEVIC, LLP**
   Craig M. Nicholas (SBN 178444)
   Alex M. Tomasevic (SBN 245998)
   David G. Greco (SBN 299635)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: dgreco@nicholaslaw.org

Attorneys for Plaintiff
DANIEL LEVY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEVY, individually and on behalf of others similarly situated, <br><br>        Plaintiff, <br>   vs. <br><br> LYTX, INC, a Delaware Corporation, <br><br>      Defendants. | Case No.:  **'16CV3090 BAS BGS** <br><br> **CLASS ACTION COMPLAINT:** <br><br> 1. **VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA"):  FAILURE TO PAY MINIMUM AND AGREED WAGES;** <br><br> 2. **VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA"):  FAILURE TO PAY REQUIRED OVERTIME WAGES;** <br><br> 3. **VIOLATION OF THE CALIFORNIA LABOR CODE: FAILURE TO PAY AGREED WAGES;** <br><br> 4. **VIOLATION OF THE CALIFORNIA LABOR CODE:** |

**FAILURE TO PAY MINIMUM WAGES;**

5. **VIOLATION OF THE CALIFORNIA LABOR CODE: FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**

6. **VIOLATION OF THE CALIFORNIA LABOR CODE: FAILURE TO PAY WAGES UPON SEPARATION;**

7. **VIOLATION OF THE CALIFORNIA LABOR CODE: FAILURE TO PAY OVERTIME**

8. **VIOLATION OF THE CALIFORNIA LABOR CODE: FAILURE TO INDEMNIFY OR REIMBURSE EMPLOYEES FOR EXPENSES; and**

9. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAWS ("UCL")**

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT**

Plaintiff Daniel Levy, on behalf of himself and a class of others similarly situated, based upon facts, which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION

1.     Defendant Lytx failed to compensate its non-exempt employees as required by federal and California law.  To cut down on administrative burdens, Lytx, in 2015, required Plaintiff and his colleagues to enter their timekeeping in advance of actually having worked the hours. That is, Lytx instructed employees to input the estimated hours that they believed they *would* work during the pay period. Lytx then paid Plaintiff and the Class based on these pre-entered hours, rather than for the hours actually worked. Lytx would then, in the following pay period, reconcile by either adding money to employees' checks (to catch up for hours worked in the prior period but never paid) or by subtracting money from what was earned in the next period (to credit Lytx if it had previously over-paid).

2.     By these practices, Lytx violated a whole host of federal and California labor laws that require, for example, the full and timely payment of wages when rightfully earned, the keeping and distribution of accurate payroll and timekeeping records, and laws that prohibit shifting the costs of overhead or doing business over to employees.

3.     Plaintiff and the group of similarly situated employees he seeks to represent, all worked or formerly worked for Lytx, and were paid (or underpaid) in the illegal manner described above.

4.     Plaintiff now brings a collective action under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.,* as well as a class action for violations of California state law.

**CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. sections 1331 and 1343(4) because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.   Jurisdiction also exists pursuant to 29 U.S.C. Section 216(b).

6.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. section 1367(a), because these claims are so closely related to Plaintiffs' federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

7.     This Court has personal jurisdiction over Lytx because it is a California corporation, which conducts substantial business in California and intentionally availed itself of the laws and markets of California through operation of its business in California.

8.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. section 1391(b) and (c), as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial District.

## PARTIES

9.     Plaintiff is, and at all relevant times was, a citizen of the state of California, and resident of San Diego County. Plaintiff was an employee of Defendant through the calendar year of 2015, and until November 2016.

10.     Plaintiff is informed, believes, and based thereon alleges that Lytx, Inc. is a California corporation doing business in San Diego County at all relevant times. Lytx is a technology company that offers analytics services to companies that run fleets of drivers. For example, one of Lytx' main products is DriveCam®, which involves the installation of wireless cameras in commercial trucks that capture events that could be caused by risky driving, and then uploads the images for review, analysis, scoring, and reporting back to the client.

**GENERAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

11. Lytx, pursuant to its uniform compensation policy during the calendar year of 2015, required Plaintiff and the Class to pre-enter their hours in advance of actually having worked them. Lytx required that employees enter the hours they believed they would work. Lytx paid Plaintiff and the Class based on these pre-entered hours, rather than for the hours actually worked. Lytx then, during the following pay period, "corrected" the hours in subsequent pay periods either by supplementing employees' checks or by withholding money for hours paid but not previously worked.

12. Plaintiff and many other similarly situated employees worked for Lytx under these conditions, were non-exempt, and were forced to pre-enter their time as described above.

13. Lytx's pre-clocking practice caused Plaintiff and his fellow employees to be routinely under-paid in violation of federal and California law.

14. Furthermore, Lytx's practice of occasionally subtracting from subsequently earned wages (when Lytx's illegal practice happened to result in an earlier over-payment), was and is tantamount to penalizing employees for Lytx's illegal behavior.   In other words, Lytx subtracting from employee pay was the equivalent of having the employees reimburse Lytx for its efforts to cut down on payroll and administrative overhead, forcing employees to finance Lytx payroll operations in violation of, among other laws, California Labor Code Section 2802.

15. Plaintiff is informed and believes that Lytx, a large and sophisticated organization operating with the benefit of experienced counsel and human resources personnel, knew that Plaintiff and the Class were entitled to receive all wages in full when due and payable in accordance with federal and California law, that they were required to keep accurate records, and that their pre-entering or pre-clocking system was illegal.

**CLASS ACTION COMPLAINT**

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     By its actions, Defendant violated the FLSA and Plaintiff now brings a collective action for violations of the FLSA on behalf of the COLLECTIVE ACTION GROUP which is defined as:

> All persons nationwide employed by Defendant in a non-exempt position and who were or will be required to pre-enter their hours worked.

17.     To the extent equitable tolling operates to toll claims by the COLLECTIVE ACTION GROUP against the Defendants, the applicable statute of limitations and period for calculating damages should be adjusted accordingly. The COLLECTIVE ACTION GROUP includes all such persons, whether or not they were paid hourly, by piece rate, by commission, by salary, or by part hourly, part commission and/or part salary.

18.     Plaintiff brings this lawsuit on behalf of himself individually and the COLLECTIVE ACTION GROUP as a collective action.  Defendant is engaged in communication, business, and transmission throughout the United States and therefore is engaged in commerce within the meaning of 29 U.S.C. section 203(b).

19.     The FLSA states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation. *See* 29 C.F.R. section 778.223 and 29 C.F.R. section 778.315.

20.     Defendant has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to timely pay required wages.

21.     This action meets all prerequisites for the maintenance of a collective action under the FLSA.  Specifically:

> (a)     The persons who comprise the COLLECTIVE ACTION GROUP exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the COLLECTIVE ACTION GROUP and will apply uniformly to every member of the COLLECTIVE ACTION GROUP;

(c)     The claims of the representative Plaintiff are typical of the claims of each member of the COLLECTIVE ACTION GROUP. Plaintiff, like all other members of the COLLECTIVE ACTION GROUP, was subjected to Defendant's illegal practices. Plaintiff sustained economic injury as a result of Defendant's employment practices. Plaintiff and the members of the COLLECTIVE ACTION GROUP were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the Defendant; and

(d)     The representative Plaintiff will fairly and adequately represent and protect the interest of the COLLECTIVE ACTION GROUP, and has retained attorneys who are competent and experienced in similar litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the COLLECTIVE ACTION GROUP that would make collective treatment inappropriate. Counsel for the COLLECTIVE ACTION GROUP will vigorously assert the claims of the entire COLLECTIVE ACTION GROUP.

## THE CALIFORNIA CLASS

22.     Plaintiff also brings his claims for violation of California state law (the Labor Code and the Unfair Competition Law) on behalf of himself and all other similarly situated persons as a class action pursuant to FRCP, Rule 23.

23.     **Class Period**: The California Class Period shall be defined as four years prior to the initiation of this action through final judgment or resolution.

**CLASS ACTION COMPLAINT**

24.   **Definition:** The California Class is defined as:

All persons employed by Defendant in California in a non-exempt position and who were or will be required to pre-enter their hours worked.

25.   Members of the California Class, as described above, will be collectively referred to as the "Class." Excluded from the Class are: (1) Lytx, its officers and directors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend the above class and to add additional classes or subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

26.   Plaintiff reserves the right to amend or modify the Class description with greater specificity, further division into subclasses, or limitation to particular issues.

27.   This action has been brought and may be properly maintained as a class action. More specifically:

28.   **Numerosity:** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that Lytx currently employs, and during the Class Period employed, hundreds of employees as plaintiff class members in California that have been affected by Lytx's policy of requiring the Class to pre-enter their time and not be paid the hours they actually worked during the relevant pay periods.

29.   Plaintiff is informed, believes, and on that basis alleges that Lytx's employment records would provide information as to the number and location of all class members.

30.   **Common and Predominating Questions of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether: (a) Lytx violated California

Labor Code §§ 1194, 1198 and the Wage Orders by failing to pay wages to Plaintiff and the Class; (c) Lytx failed to timely pay all wages earned to Class members who had not been terminated; (d) Lytx violated Labor Code §§ 201 and 202 by failing to pay Plaintiff and the Class for all wages and hours worked upon termination; (e) Lytx violated California Labor Code § 226 by failing to provide accurate and complete itemized wage statements to Plaintiff and the Class and whether such failure was knowing and intentional; (f) Lytx's failure to pay wages in accordance with the California Labor Code was willful or knowing and intentional; (g) the appropriate amount of damages, restitution or monetary penalties resulting from Lytx's violations of California law; (h) Plaintiff and the Class are entitled to injunctive and other equitable relief pursuant to Business and Professions Code §§ 172000 *et seq.*; (i) Lytx violated Business and Professions Code §§ 17200 *et seq.*, by failing to provide wages on time, and by failing to provide all wages due to Plaintiff and the Class; (j) Lytx violated similar provisions of the FLSA.

31.     **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a member of the class and has suffered the same violations of law described here.

32.     **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the class and Plaintiff.

33.     **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual class members. Each class member has been damaged and is entitled to recovery because of Lytx's unlawful conduct described in this Complaint. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner

for the parties and the judicial system. Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a class action.

34.     Furthermore, prosecuting separate actions by individual class members would create a risk of:  (a) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

35.     This action may also be maintained as a class action because Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## FIRST CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE COLLECTIVE ACTION GROUP FOR VIOLATION OF THE FLSA:  FAILURE TO PAY REQUIRED MINIMUM AND AGREED WAGES

36.     Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

37.     The FLSA requires, among other things, that employers like Lytx timely pay their employees, like Plaintiff, wages for all hours worked.  *See, e.g.,* 29 U.S.C. 206(a). Wages required by the FLSA are due, furthermore, on the regular payday for the pay period covered.

38.     Lytx forced employees to pre-clock their hours, and then only paid them for what was pre-clocked and *not* what was actually worked.  This resulted in employees, like Plaintiff, routinely working hours that they were not timely paid for.

39.     Lytx, thus, knowingly and intentionally failed to pay their employees the required minimum wages and agreed-upon wages at the required time.

40.     Because of Defendant's willful violations of the FLSA, Plaintiff and The Collective Action Group are entitled to recover from Defendant their unpaid wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to the FLSA, all in an amount to be determined at trial. *See* 29 U.S.C. section 216(b).

## SECOND CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE COLLECTIVE ACTION GROUP FOR VIOLATION OF THE FLSA:  FAILURE TO PAY REQUIRED OVERTIME WAGES

41.     Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

42.     The FLSA, at 29 U.S.C. 207, provides in relevant part that:

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

43.     Overtime wages required by the FLSA are due, furthermore, on the regular payday for the pay period covered.

44.     None of Defendant's practices as alleged above fell within any recognized exception to Section 207's requirements.

45.     Plaintiff and The Collective Action Group often worked over 40 hours in a workweek, thereby entitling them to overtime under the FLSA.

46.     However, Defendant knowingly, willfully, and intentionally failed to timely compensate Plaintiff and The Collective Action Group all overtime wages due and owed to them under the FLSA.

47.     Because of Defendant's willful violations of the FLSA, Plaintiff and The Collective Action Group are entitled to recover from Defendant their unpaid wages, and an equal amount in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including pre-judgment interest, pursuant to the FLSA, all in an amount to be determined at trial. *See* 29 U.S.C. section 216(b).

## THIRD CAUSE OF ACTION

## BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATION OF THE CALIFORNIA LABOR CODE:  FAILURE TO PAY AGREED WAGES

48.    Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

49.    California Labor Code, including at Sections 204 and 223, together with the Wage Orders and the common law, provide that employees have an immediate and vested right to receive agreed wages for work they were engaged, suffered, and permitted to perform.

50.    Throughout the Class period, as a result of uniform policies maintained and enforced by Lytx, the object and/or foreseeable consequence of which were to deny such wages to Plaintiff and the Class, Lytx employed Plaintiff and the Class at agreed wages and refused to pay such wages to Plaintiff and the Class for all hours they worked by a multitude of unlawful practices, including but not limited to requiring employees to pre-enter their time and receive compensation not commensurate with the hours actually worked.

51.    Lytx at all times knew or had reason to know that Plaintiff and the Class were performing the aforementioned work without pay and deprived Plaintiff and the Class of wages for work performed by them.

52.    As a direct and proximate result of Lytx's willful refusal to pay all wages due to Plaintiff and the Class, Lytx is liable for back wages, with interest thereon, liquidated damages, costs, and attorneys' fees.

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATION OF THE CALIFORNIA LABOR CODE:  FAILURE TO PAY MINIMUM WAGES**

53.   Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

54.   Labor Code Section 1197 provides that it is unlawful to pay less than the minimum wage established by law. Throughout the Class period, Lytx repeatedly failed to pay Plaintiff and the Class the minimum wage for all hours worked, as required by the Wage Orders, violating the provisions of Section 1197.

55.   Labor Code Section 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

56.   Wages required by the California Labor Code are due, furthermore, on the regular payday for the pay period covered.

57.   Lytx forced employees to pre-clock their hours, and then only paid them for what was pre-clocked and *not* what was actually worked.  This resulted in employees, like Plaintiff, routinely working hours that they were not timely paid for.

58.   Lytx, thus, knowingly and intentionally failed to pay their employees the required minimum wages at the required time.

59.   As a direct result of Lytx's unlawful wage practices, Plaintiff and the Class have been denied full compensation for all hours worked by them, including but not limited to minimum wages for hours worked.

60.   Plaintiff and the Class are entitled to recover wages from Lytx, in an amount to be proven at trial, because of Lytx's payment of wages less than minimum

wage, along with all applicable liquidated damages, costs, interest, and attorneys fees pursuant to, among other provisions, Labor Code Section 1194.2.

## FIFTH CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATION OF THE CALIFORNIA LABOR CODE:  FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

61.    Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

62.    California Labor Code Section 226(a) and the Wage Orders require Lytx to accurately itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class and keep the records on file at the place of employment or at a central location in California. Lytx knowingly and intentionally failed to comply with Section 226(a) and the Wage Orders with respect to wage statements it provided to Plaintiff and the Class.

63.    Section 226(a) and the Wage Orders further provide that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees with an accurate itemized statement in writing showing, among other things, the applicable rate of pay, gross wages earned, total hours worked by the employee, all deductions, net wages earned, and the inclusive dates of the period for which the employee is paid. Moreover, the Wage Orders require Lytx to maintain time records for each employee showing things including, but not limited to, when the employee begins and ends each work period, meal periods, and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiff and the Class.

64.    California Labor Code Section 1174 and the Wage Orders further require Lytx to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately

**CLASS ACTION COMPLAINT**

showing the hours worked daily and the wages paid to its employees. Lytx knowingly and intentionally failed to comply with these requirements in violation of California Labor Code Sections 1174 and 1175 and the Wage Orders.

65. During the Class Period, Lytx regularly and consistently, knowingly and intentionally, failed to keep and provide Plaintiff and the Class with complete and accurate wage statements. The deficiencies include, among other things, the failure to include the total number of hours worked by Plaintiff and the Class, the failure to list all applicable hourly rates, the failure to include the inclusive dates for the period worked by Plaintiff and the Class, and the failure to accurately report the gross and net earnings of the Plaintiff and the Class.

66. Lytx knowingly and intentionally failed to comply with the requirements of Labor Code Sections 1174 and 1175 and the Wage Orders.

67. As a result, Plaintiff and the Class suffered injury and damage to their statutorily-protected rights. These injuries and damages include, but are not limited to, the denial of their legal right to receive and their protected interest in receiving accurate, itemized wage statements. Moreover, the inaccurate and incomplete wage statements provided by Lytx deceived Plaintiff and the Class about the wages and other compensation to which they were entitled and deprived them of such wages and compensation. The injuries suffered by Plaintiff and the Class also include, but are not limited to, having been and continuing to be: forced to conduct investigations and perform mathematical computations in an attempt to reconstruct their time records; the inability to reconstruct their time records; the inability to discern the amount of wages they had earned and/or the applicable wage rate; the inability to determine the number of hours they had worked; the inability to determine whether they were paid all wages due for the work they performed; the inability to determine the amount of wages owing and unpaid; and having been, and continuing to be, forced to hire attorneys and initiate a lawsuit in order to ascertain the aforementioned information.

**CLASS ACTION COMPLAINT**

68.     Plaintiff and the Class are entitled to recover from Lytx the greater of their actual damages caused by Lytx's failure to comply, or an aggregate penalty not exceeding $4,000.00 per employee.

## SIXTH CAUSE OF ACTION

**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATION OF THE CALIFORNIA LABOR CODE:   FAILURE TO PAY ALL WAGES UPON SEPARATION**

69.     Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

70.     California Labor Code Section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

71.     California Labor Code Section 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72 hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72.     California Labor Code Section 203 provides that if an employer willfully fails to pay wages owed in accordance with California Labor Code Sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty days.

73.     Plaintiff and the Class, whose employment with Lytx ended, were entitled to be promptly paid compensation by Lytx as required by California Law. Plaintiff and the Class were not fully paid all wages due to them within the time required by California Labor Code Sections 201 and 202. Accordingly, Plaintiff and the Class seek the payment of California Labor Code Section 203 penalties, in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION

## BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATION OF THE CALIFORNIA LABOR CODE:  FAILURE TO PAY OVERTIME WAGES

74.     Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

75.     Plaintiff and the other Class members were sometimes required to, and did, work in excess of eight hours per workday and/or 40 hours per week, thereby entitling them to be timely paid overtime pay under California law.

76.     Defendant did not properly compensate Plaintiff and the other Class members for the overtime hours they worked by virtue of their mandatory pre-clock policy and pay structure.

77.     As a direct and proximate result of Defendants' failure to pay Plaintiff and the other Class members the correct overtime wages, Plaintiff and the other Class members are entitled to recover their unpaid overtime, interest, attorneys' fees, liquidated damages, and costs of suit.

## EIGHTH CAUSE OF ACTION

## BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATION OF THE CALIFORNIA LABOR CODE:  FAILURE TO INDEMNIFY OR REIMBURSE EMPLOYEES FOR EXPENSES

78.     Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

79.     California Labor Code Section 2802 mandates that employers, like Lytx, must indemnify employees, like Plaintiff, for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.  It is the employer's, not employees', obligation to bear all of the costs inherent in conducting its business.  *In re Acknowledgment Cases,* 239 Cal.App.4th 1498, 1506 (Cal. App. 4th Dist. 2015).  Employers are prohibited from passing their

operating expenses on to their employees.  *Cochran v. Schwan's Home Service, Inc.,* 228 Cal.App.4th 1137, 1144 (Cal. App. 2d Dist. 2014).

80.    Lytx violated Section 2802 by virtue of its mandatory pre-clock policy. Lytx implemented its pre-clock policy to save on administrative and payroll costs. And on those occasions where the pre-clocking overstated the amount of time actually worked, but the employee was paid for the pre-clock amount anyway, Lytx would then subtract wages from the employees' subsequent paychecks.  These subtractions had the force and effect of making the employees pay for Lytx's illegal pay scheme and to force them to finance Lytx's efforts to cut down on its payroll and administration costs.  In other words, the wages paid to the employees in the prior pay periods, even if more than what the employees would normally be entitled to if they were *not* forced to pre-clock, would be a normal cost of Lytx doing business in the manner it chose (for the purpose of cutting down its overhead).  Subtracting future monies, though, was tantamount to making the employees pay for those costs of doing business.

81.    As a direct and proximate result of Defendant's failure to reimburse or indemnify Plaintiff and the other Class members for necessary costs of operations, Plaintiff and the other Class members are entitled to recover their unpaid or withheld wages, interest, attorneys' fees, liquidated damages, and costs of suit.

## NINTH CAUSE OF ACTION

## BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATION OF THE UNFAIR COMPETITION LAWS

82.    Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

83.    Plaintiff and the Class suffered direct injury as a result of Lytx's conduct, as alleged above. Lytx's deprivation of Plaintiff and the Class' wages, Lytx's provision of inaccurate wage statements, and Lytx's failure to reimburse or indemnify employees for necessary work expenses, are unlawful business practices

within the meaning of Business and Professions Code Sections 17200 *et seq.*

84.     Under Business and Professions Code Sections 17200 *et seq.*, including but not limited to Sections 17201, 17203, and 17208, Plaintiff asserts standing on his own behalf and on behalf of the Class alleged here. Plaintiff and the Class seek, among others, restitution of compensation due during the Class Period and restitution of monies unlawfully deducted from their pay by Lytx.

85.     During the Class Period, Lytx, and each of them, committed violations of law, as described here, including but not limited to: (i) violations of the FLSA and the California Labor Code for failure to compensate Plaintiff and the Class for all hours worked with at least minimum wages; (ii) violations of the California Labor Code for failure to provide accurate wage statements to Plaintiff and the Class; (iii) violations of the FLSA and the California Labor Code for failure to provide Plaintiff and the Class agreed wages for all hours they worked; (iv) violations of the California Labor Code for failure to timely pay all earned wages to Plaintiff and the Class upon discharge; (v) violations of the California Labor Code for failure to keep accurate records; (vi) violations of the FLSA and the California Labor Code for failure to properly pay overtime compensation; and (vii) violations of the California Labor Code for failure to reimburse or indemnify employees for necessary business expenses.

86.     These unlawful and unfair business practices defeat the public interest purposes of the federal and State labor laws, which promote compliance with labor laws and employment regulations by participants in Lytx's industry.

87.     Lytx's unfair and unlawful business practices thus have imposed harm on its employees and its competitors and will continue to do so until abated. As a result of these unfair and unlawful business practices, Lytx retained monies belonging to Plaintiff and the Class and was unjustly enriched at Plaintiff and the Class' expenses. Plaintiff and the Class are entitled to restitution of the wages

withheld and retained by Lytx during the Class Period and a preliminary and permanent injunction requiring Lytx to pay all outstanding wages due to Plaintiff and the Class, and to provide accurate and complete wage statements.

88.   As a direct and proximate result of Lytx's conduct, Plaintiff and the Class suffered injury and loss of money.

89.   This action will result in the enforcement of an important right affecting the public interest. The conduct of Lytx as alleged has been and continues to be unfair, unlawful, and harmful to Plaintiff and the Class, as well as the general public. Accordingly, under California Code of Civil Procedure Section 1021.5, Plaintiff and the Class are entitled to an award of reasonable attorneys' fees according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on the behalf of the Class prays for judgment as follows:

1.   For an order permitting the FLSA claims to proceed as collective actions;

2.   For an order certifying the proposed class for violations of California state law;

3.   For back pay, actual damages, and consequential damages according to proof;

4.   For all applicable statutory damages, premium pay, and penalties according to proof, except that at no point in this complaint is Plaintiff seeking, nor should he be construed to be seeking at this time, any civil penalties awardable under California's Private Attorneys General Act;

5.   For a declaration that Lytx violated the rights of Plaintiff and the Class under the FLSA and the California Labor Code;

6.   For liquidated damages according to proof pursuant to the FLSA and the California Labor Code section 1194.2;

7.   That Lytx be ordered to show cause why it should not be enjoined and

**CLASS ACTION COMPLAINT**

ordered to comply with the applicable FLSA and California Labor Code provisions related to employee compensation; and for an order enjoining and restraining Lytx and its agents, servants, and employees related thereto;

8.      For restitution to Plaintiff and the Class of all funds unlawfully acquired by Lytx by means of any acts or practices declared by this Court to violate the mandates established by California Business and Professions Code section 17200 *et seq.*;

9.      For an injunction to prohibit Lytx from engaging in the unfair business practices complained of here;

10.     For an injunction requiring Lytx to give notice to persons to whom restitution is owing of the means by which to file for restitution;

11.     For pre-judgment interest;

12.     For reasonable attorneys' fees, expenses and costs as provided by the FLSA, California Labor Code sections 226 or 1194, and California Code of Civil Procedure section 1021.5; and

13.     For such other and further relief that the court may deem just and proper.

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a Trial by Jury.


**NICHOLAS & TOMASEVIC, LLP**


Dated: December 27, 2016          By: _____
                                       David G. Greco

                                       Attorneys for Plaintiffs, Daniel Levy